IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Crim. No. 05-80068-01-KHV |
| v. | ) | |
| | ) | |
| SHARMUS DARCEL EVANS, | ) | Civil No. 07-2469-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody</u> (Doc. #24) filed October 3, 2007. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On February 11, 1994, in the United States District Court for the Southern District of Florida, the Honorable Norman C. Roettger sentenced defendant to 156 months in prison. On March 24, 2005, defendant was released from prison and on July 29, 2005, this Court accepted jurisdiction over defendant on supervised release. On September 18, 2006, the United States Probation Office filed a petition to revoke defendant's supervised release. The petition alleged that (1) on September 13, 2006, defendant failed to report to his probation officer for DNA collection; and (2) defendant left the judicial district without permission.[1]  See <u>Petition For Warrant Or Summons For Offender Under Supervision</u> (Doc. #3). Defendant admitted that he missed the scheduled meeting with his probation officer and left the judicial district without permission. Defendant took his mother to Florida during

---

[1] The petition also alleged that defendant committed a crime on supervised release. Because state authorities did not charge defendant with a crime before the hearing, the Court and Probation Office did not address this ground.

the relevant period, but he did not ask his probation officer for permission because he did not think such permission would be granted based on potential state charges against him. On October 17, 2006, the Court sentenced defendant to 10 months in prison and two years of supervised release on each count with the sentence on both counts to run concurrently. See Revocation Judgment (Doc. #16). Michael Harris of the Federal Public Defender's Office represented defendant at the probation revocation hearing. On May 31, 2007, in order to correct a clerical error in the revocation judgment, the Court sustained in part defendant's motion to correct judgment and modified defendant's term of supervised release to 18 months. See Amended Revocation Judgment (Doc. #21). Defendant did not appeal.

On October 3, 2007, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.[2] Liberally construed, defendant's motion alleges that (1) the Court violated his constitutional rights because he was actually innocent of the charge related to DNA collection; (2) the government withheld evidence which was favorable to his defense in violation of Brady v. Maryland, 373 U.S. 83 (1963); (3) his counsel was ineffective because he did not investigate whether defendant had already submitted to DNA collection; and (4) his counsel was ineffective because he promised that defendant would receive the low end of the guideline range without any additional term of supervision. In support of the first three arguments, defendant states that he had already submitted

---

[2]  The Court assumes that because defendant is subject to supervised release immediately after he is released from state custody, he meets the requirement that he be "in custody" under a federal sentence to be eligible for relief. 28 U.S.C. § 2255; United States v. Sandles, 469 F.3d 508, 517-18 (6th Cir. 2006) (defendant completing supervised release term is "in custody"), cert. denied, 128 S. Ct. 229 (2007); United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (prisoner on supervised release satisfies "in custody" requirement); United States v. Fabiano, 42 Fed. Appx. 408, 410 (10th Cir. 2002) (same).

a DNA sample to federal authorities.

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

### I.    Procedural Bar – Failure To Appeal (Claims 1 and 2)

Defendant asserts that the Court violated his constitutional rights because he was actually innocent of the charge related to DNA collection (Claim 1) and that the government withheld evidence which was favorable to his defense in violation of Brady (Claim 2).  Such claims are barred because defendant failed to raise them on direct appeal.  "The procedural default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."  Massaro v. United States, 538 U.S. 500, 504 (2003).  Section 2255 is not available to test the legality of matters which should have been raised on appeal.  United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quoting United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)).  Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  Allen, 16 F.3d at 378.  Defendant has not satisfied any of these exceptions.

Defendant alleges that he feared that if he had appealed, the government would have prosecuted him more severely.  Cause for a procedural default "must ordinarily turn on whether the

prisoner can show that some objective factor external to the defense" impeded his efforts to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986) (examples of cause include situations where factual or legal basis for claim was unavailable to counsel or where interference by officials made compliance with rule impossible); United States v. Stevens, 168 Fed. Appx. 264, 270-71 (10th Cir. 2006). Defendant has not alleged any "objective factor external to the defense" which prevented him from appealing the revocation judgment.

Defendant also has not demonstrated "prejudice," i.e. that the alleged errors worked to his actual and substantial disadvantage, infecting his entire sentence with error of constitutional dimensions. United States v. Frady, 456 U.S. 152, 170 (1982). As explained above, the Court sentenced defendant to 10 months in prison and 18 months on supervised release on each count, with the sentence on both counts to run concurrently. Defendant admitted to the facts underlying both counts and he did not advise the Court that he had already submitted a DNA sample.

Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See Bousley v. United States, 523 U.S. 614, 623 (1998). Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent or did not commit crime). But cf. Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (actual innocence exception might apply where petitioner shows actual innocence of sentencing element that was not required for proof of underlying conviction). In any event, defendant has not shown that he is actually innocent of the

charges against him. Therefore, he cannot establish that failure to review his claim would result in a fundamental miscarriage of justice.

Based on this procedural bar, defendant's first and second claims are overruled.

## II.     Ineffective Assistance (Claims 3 and 4)

To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." Walling, 982 F.2d at 449. The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

### A.     Failure To Investigate

Defendant alleges that Mr. Harris was ineffective because he did not investigate whether defendant had already submitted a DNA sample to federal authorities. Defendant does not state that he told this fact to Mr. Harris. In any event, defendant does not explain how this fact would show that he had a valid excuse for missing a scheduled meeting with his probation officer. Defendant

has not shown that counsel's failure to investigate this issue fell below an objective standard of reasonableness.  See Strickland, 466 U.S. at 667-68.

Even if defendant could establish deficient performance by counsel, he has not shown prejudice.  As explained above, defendant freely admitted to the facts underlying both counts. Because defendant did not advise his probation officer that he had already submitted a DNA sample, counsel could not rely on this fact to excuse defendant's failure to report for the sample.  Even if defendant had advised his probation officer of this fact, he did not have any defense to the charge of leaving the judicial district without permission.  Accordingly, defendant cannot establish prejudice.

### B. Promise Of Low End Of Guidelines And No Supervision

Defendant alleges that his counsel was ineffective because he promised that defendant would receive the lower end of the guideline range without any additional term of supervision.  Even if the Court assumes that counsel made this statement to defendant, defendant has not shown prejudice. Defendant contends that if counsel had not made this promise, he would have insisted on going through the preliminary hearing stages to argue these issues and explore whether he did in fact violate the conditions of his supervised release.  As explained above, however, defendant freely admitted to the facts underlying both counts and even if he could have possibly mounted a defense on the charge of failure to submit a DNA sample, he did not have a defense for failure to report to his probation officer (at least to explain why he was refusing to submit a DNA sample) or the separate charge for leaving the judicial district without permission.  Accordingly, defendant cannot establish prejudice.

### III.     Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no response by the government or evidentiary hearing is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).[3]

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #24) filed October 3, 2007 be and hereby is **OVERRULED**.

Dated this 6th day of May, 2008, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] Defendant asks the Court to remove the condition of the revocation judgment which requires DNA collection. The revocation judgment requires defendant to cooperate in the collection of DNA "as directed by the probation officer." Amended Judgment In A Criminal Case (Doc. #21) at 3. Defendant has not shown that the condition for DNA collection was erroneous based on the record before the Court at the revocation hearing. Even so, the Probation Office has informed the Court that because defendant apparently has already submitted a DNA sample to federal authorities, it does not intend to require further DNA collection.

Defendant also asks the Court to remove the conditions of the revocation judgment which require him to participate in a mental health program and require him to reside in a halfway house for 180 days. Again, defendant has not shown that these conditions were erroneous based on the record before the Court at the revocation hearing. To the extent that changed circumstances dictate a modification of either of these conditions, defendant should inform his probation officer. At this time, defendant is currently in custody in the State of Florida. His supervised release is scheduled to begin after he completes his term of incarceration in Florida.

- 7 -